**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21836-BLOOM**

FRAYDA LINDEMANN and SLOAN LINDEMANN BARNETT,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.
__________________________________/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Reconsideration of this Court's Order on Defendant's Motion to Dismiss, ECF No. [27] ("Motion"). Defendant filed a Response in Opposition, ECF No. [28], to which Plaintiff filed a Reply, ECF No. [31]. The Court has considered the Motion, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiffs' Motion is denied.

## I. BACKGROUND

On March 23, 2026, Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. [6]. After full briefing, the Court issued its Order on Defendant's Motion to Dismiss, ECF No. [26] ("Order"). In the Order, the Court found that Plaintiffs had not carried their burden of showing that John Paul Labbat ("Labbat"), the named Defendant before substitution, was acting outside the scope of his employment at the time he made the alleged defamatory statements. *Id.* at 9. That is because the evidence demonstrated that Labbat (1) "had the requisite arrangement with the United States to be considered a federal employee for purposes of the official capacity clause" and (2) made the alleged comments "within the scope of his official capacity."

*Id.* at 11, 14. Because of this, the doctrine of derivative jurisdiction entailed that the Court lacked jurisdiction to hear the claims. *Id.* at 15–16.

In July 2026, Plaintiffs filed their Motion, arguing that three clear errors of law existed in the Order: (1) the Court adopted Defendant's improperly-raised argument that Labbat remained an employee of Defendant, (2) the Court improperly looked to Louisiana cases instead of predicting how New York's highest court would rule, and (3) the Court improperly found that the doctrine of derivative jurisdiction applied to bar the claims. ECF No. [27] at 1–3. Defendant responds that the Motion is an "impermissible attempt to relitigate issues already decided." ECF No. [28] at 1. Specifically, all of Plaintiffs' arguments were raised in prior motions, Plaintiff was on notice of and responded to the basis for dismissal, and the Court's determination that no New York authority was on point was a legal judgment, not a manifest error. *Id.* at 1–2. Plaintiffs reply that the Court erred in (1) referring to Louisiana cases on the scope-of-employment issue, (2) finding that the derivative jurisdiction doctrine applied to bar the suit, and (3) failing to apply the "day-to-day control standard" in assessing whether Labbat remained an employee of the Government.

## II. LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

> decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Thus, a motion to reconsider is "appropriate where,

for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.” *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). Ultimately, reconsideration is a decision that is “left ‘to the sound discretion’ of the reviewing judge.” *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III. DISCUSSION

The Court finds that reconsideration is not warranted here. The Court addresses each of Plaintiffs’ three arguments in turn.

### A. Whether the Court Properly Assessed Labbat’s Post-Retirement Employment Status

Plaintiffs’ first argument is that the Court erred in not applying the “day-to-day control” test established by *Means v. United States*, 176 F.3d 1376, 1379 (11th Cir. 1999), and, to the extent it implicitly applied the standard, it applied it to the wrong period—namely, pre-retirement actions by Defendant. ECF No. [27] at 4–6. Defendant responds that Plaintiffs merely ask the Court to reexamine an unfavorable ruling, advancing arguments raised in prior docket entries. ECF No. [28] at 3. Moreover, the Court’s analysis plainly applied the “control test” that Plaintiffs advance. *Id.* at 3–4. Plaintiffs reply that the Court’s “control test” ruling rests upon an unsupported factual premise that Defendant had the requisite level of control. ECF No. [31] at 9–10.

The Court does not find reconsideration warranted here. All of the arguments presented by Plaintiffs in support of this point are recapitulations of previously-made arguments. Indeed,

Plaintiffs had already raised *Means* and its implications to the Court at the time the Court issued its Order. *See* ECF No. [25]. On that basis alone, reconsideration must be denied. But perhaps more significantly, the Court performed precisely the analysis Plaintiffs now request. Specifically, the Court, though not citing *Means*, did apply the "control test" that Plaintiffs espouse—the Court simply disagreed with Plaintiffs about whether the requisite level of control existed. See ECF No. [26] at 10–11. Plaintiffs do not point to any facts that the Court actually misapprehended—they merely disagree with the Court's conclusion about the law's application to those facts. Mere disagreement, where there was no misapprehension of law or fact, is not a sufficient basis for reconsideration.

**B. Application of New York Law**

Plaintiffs' next argument is that the Court failed to properly apply New York law, which establishes a categorical, brightline rule for *respondeat superior* relationships. ECF No. [27] at 6–7. Instead, the Court improperly relied on Louisiana cases, which are distinguishable in other ways as well. *Id.* at 7–8. Defendants respond that the Court's "selection of persuasive authority in the absence of directly controlling precedent is a matter of judicial discretion," not manifest error. ECF No. [28] at 6–7. Plaintiffs reply that the Order disregarded controlling New York scope-of-employment principles. ECF No. [31] at 4–7.

The Court again finds no basis for reconsideration. Plaintiffs misinterpret the Court's decision. The Court did not *rely* on Louisiana law in reaching its decision. Indeed, by the time the Court mentioned the Louisiana cases at issue, it had already determined, based on New York law, that "Labbat, though nominally retired, was functioning in an official capacity DHS at the time he made the alleged defamatory statements and made those comments within the scope of his official capacity." ECF No. [26] at 14. The Court expressly offered the Louisiana cases for the limited

purpose of showing that other courts have found that a nominal non-employee can nonetheless be serving in an official capacity. *Id*.

Indeed, the Court's independent reasoning relied solely on New York law, applying principles derived from New York courts to the question of whether Labbat was acting within the scope of his employment. *Id.* at 12–13 (citing *Fountain v. Karim*, 838 F.3d 129, 135 (2d Cir. 2016) and *Riviello v. Waldron*, 47 N.Y.2d 297, 303–04 (1979)). The Court acknowledged the general rule that Plaintiffs reference and proceeded to reason precisely as it understood a New York court would reason if presented with analogous facts. *Id.* at 12. The Court simply came to a different conclusion than Plaintiffs would have wished. In short, Plaintiffs' second argument is a mix of misunderstanding and disagreement, neither of which provides a basis for reconsideration.

**C. Doctrine of Derivative Jurisdiction**

Plaintiffs' final argument is that the doctrine of derivative jurisdiction has no applicability in a dispute over a Westfall Act certification. ECF No. [27] at 8. Defendant responds that Plaintiff waived this argument by failing to raise it in the first instance. ECF No. [28] at 4. Plaintiff replies that the Court's ruling on the derivative jurisdiction issue cannot be reconciled with § 2679(d), and the argument was expressly preserved. ECF No. [31] at 7–8.

The Court again finds no basis for reconsideration. Plaintiffs fail to point to controlling law establishing that the Court's decision was clearly erroneous. Instead, they cite to district court decisions from different circuits finding the derivative jurisdiction doctrine inapplicable in the context of a § 2679(d)(2) removal. ECF No. [27] at 9. No decision within this circuit compels that decision, and indeed, the case law within this circuit indicates that the derivative jurisdiction doctrine applies in the FTCA removal context. As such, the Court sees no misapprehension of law or fact justifying reconsideration.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [27]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 25, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record